IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

KEN SPIRITO,

    Plaintiff,

v.                                             Case No. 4:18-cv-58

PENINSULA AIRPORT COMMISSION,
etc., et al.

    Defendants.

## PENINSULA AIRPORT COMMISSION'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### Preliminary Statement

The Commission is being sued based on the acts of one Commissioner, two employees, and one terminated employee. The allegation is that the acts complained of were within the scope of employment of the employees and of the Commissioner. It is clear and the Commission concedes that if the acts are within the scope of employment, it would be responsible if the acts violated the law. However, the Commission is not responsible for the acts of a terminated former employee under any circumstances, and if the acts of the employees or Commissioners do not constitute a legal violation, the Commission cannot be held liable.

### Undisputed Facts Regarding the Commission

1.     The Plaintiff did shred documents early in the morning of Thursday, March 2, 2017, when a special commission meeting had been scheduled to take steps to respond to the VDOT auditors' document requests and to consider Mr. Spirito's employment.

2.     On Tuesday, February 28, 2017, the Chairman of the Commission George Wallace called a special commission meeting placing on the agenda compliance with the audit,

the retention of counsel, and Mr. Spirito's status. The notice was sent out February 28, 2017. A copy is attached as **Exhibit A.**

3. The VDOT auditors complained that documents were not being produced in spite of requests for those documents. Documents reflecting what the Commissioners had been advised as to documents being produced to the VDOT auditors are attached hereto as **Exhibit B**.

4. The February 28, 2017 Daily Press article reported that Mr. Spirito and the Commission's then attorney were asked to leave the room at a February 27, 2017 special meeting. The Daily Press reported,

> That audit is likely to take longer than expected because the Commission is not providing documents investigators have requested, in some cases two or three times, and because Commission staff have not made themselves available, said Secretary of Transportation Aubrey Layne.

5. On February 28, 2017, Commissioner Rob Coleman sent an email to Mr. Spirito reiterating that all documents be produced to the VDOT auditors. A copy is attached as **Exhibit C.**

6. The VDOT auditors were told the Commission had no due diligence documents.

7. The VDOT auditors were not provided access to the emails they requested prior to March 2, 2017 in spite of repeated requests.

8. Ms. Ortiz reported the shredding in a text message to her supervisor, Ms. Ford.

9. Ms. Ford was not in the office at the time she received the text message, but Ms. Ford was aware of the VDOT auditors' complaints regarding the failure to produce documents, the lack of documents relating to due diligence, the failure to produce written/electronic communication relating to negotiations between People Express and the Commission, and the fact that a special commission meeting had been called to deal with these issues.

10. Three people in the Commission's office heard the shredding on the morning of March 2, 2017, and each found it unusual. The three are Lisa Ortiz, Rowena Byrd and Jessica Minor.

11. Ms. Ford reported the shredding to Commissioner Mallon and, upon his direction, to Commissioner Coleman. Commissioner Coleman was a Major in the Newport News Sheriff's Office as well as a Commissioner and had extensive experience with investigations.

12. Commissioner Coleman decided to report the shredding to the Virginia State Police.

13. The Commission made no investigation and took no action of any kind relating to Mr. Spirito's shredding of documents.

14. The possibility that Mr. Spirito might be shredding documents was raised early in the investigation to the VDOT auditors by Secretary Layne's office based on information received from TSA personnel. (Gales Dep. pages 33-38).

15. The VDOT auditors have confirmed that the shredding of documents was not raised to them by the Commission or any of the Commission's employees. (Gales Dep. page 44).

16. It was the VDOT auditors who decided to place the information relating to document shredding in the audit report based on their investigation.

17. Neither the Commission nor any of the Defendants had anything to do with this decision by the state auditors.

18. The Daily Press had published 26 articles on the Commission between January 26, 2017 and March 2, 2017, and the vast majority of these articles were highly critical. Two of the articles highlighted the failure to provide documents as requested by the auditors. These

I-1585127.1

articles were regularly collected by the Commission and were discussed throughout the office.

19. The VDOT auditors determined that documents sent to or from Mr. Spirito found on servers outside of the Commission were not on the Commission's server. Among those missing documents was the February 26, 2017 email from Mr. Spirito to Ms. Wharton, Ms. Ford and Ms. Cheaney saying that the Commission's then-counsel intended to "push back" on the audit requests.

20. Wilmer Thomas was not an employee of the Commission when he sent the Facebook Messenger message that is the subject of this action to Ms. Scott.

21. Sharon Scott never shared the Facebook Messenger message from Wilmer Thomas with anyone until she was requested to provide it to the VDOT auditors.

22. All employees at the PAC were told by the Commission to cooperate fully with the auditors and to provide any information requested.

The deposition transcripts of Bradley Gales, Lisa Ortiz, Renee Ford, Sharon Scott and Wilmer Thomas are attached to Ms. Ortiz's Memorandum in Support of Motion for Summary Judgment.

I. THE COMMISSION IS NOT RESPONSIBLE FOR THE STATEMENT OF WILMER THOMAS

It is axiomatic that an employee no longer acts in the course and scope of employment after he has been terminated. The Complaint alleges that Mr. Thomas was terminated on February 14, 2017. The Facebook Messenger messages, which are the subject matter of this suit, were sent on March 17, 2017 and April 12, 2017. Thus, the first alleged defamatory statement was sent more than a month after Mr. Thomas had been terminated. In fact, Plaintiff alleges that it was the termination that was the motivation for Mr. Thomas's Facebook Messenger message.

4

II.  THE COMMISSION ADOPTS THE ARGUMENTS MADE BY MS. FORD, MS. ORTIZ, AND MS. SCOTT

As noted above, the Commission's liability depends upon there being a violation on the part of the named individuals. To the extent this action cannot proceed against the named individuals, it may not proceed against the Commission.

III.  THERE IS NO CLEAR AND CONVINCING EVIDENCE OF ACTUAL MALICE

The Commission relies upon the analysis and authority set forth in Mr. Ortiz's Memorandum. Ms. Ortiz and Ms. Ford acted appropriately. Mr. Bradley Gales, the head VDOT auditor, stated that no document should be shredded by the subject of the investigation. Mr. Gales testified:

> A.  I would not think so, that anybody would shred anything during an audit. That would be my preference. Don't, don't get rid of anything because it may become an issue.

(Gales Dep. page 41, lines 21-24).

It was appropriate for Ms. Ortiz to report what she saw to Ms. Ford and for Ms. Ford to bring Ms. Ortiz's report to the attention of a Commissioner. Neither Ms. Ford nor Ms. Ortiz provided the text messages to anyone until the VDOT auditors asked Ms. Ford for the messages. It was appropriate for Ms. Ford to truthfully answer the VDOT auditors' questions about the text messages. It was appropriate for Ms. Scott to provide the Facebook Messenger messages to the VDOT auditors upon the VDOT auditors' request.

Since the Commission was the subject of the audit, the Commission did not feel it was appropriate for it to investigate itself, and it did not do so. The Commission made no decision of any kind based on any allegation of Mr. Spirito shredding documents. As of today, the Commission does not know what Mr. Spirito shred or why he decided to shred the documents on the morning of the special commission meeting.

5

## **CONCLUSION**

Summary judgment should be granted to the Commission upon any claim based upon the Facebook Messenger messages of Mr. Thomas sent when he was not an employee. To the extent summary judgment is granted to any of the three remaining individual Defendants, summary judgment should be granted to the Commission on that claim. There is no independent basis for asserting any liability against the Commission, and if summary judgment is granted to Ms. Ortiz, Ms. Ford or Ms. Scott, it should be granted to the Commission.

Dated: February 21, 2019                                  Respectfully submitted,

/s/
Conrad M. Shumadine
(VSB No. 4325)
Counsel for Peninsula Airport Commission
Newport News/Williamsburg International Airport,
Sharon P. Scott, E. Renee Ford, Lisa M. Ortiz, and
Wilmer K. Thomas, Jr.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
757.628.5500 Telephone
757.628.5566 Facsimile
cshumadine@wilsav.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2019, I sent a true and correct copy of the foregoing to the following via electronic transmission to the following:

David L. Littel (VSB No. 37690)
Kellam T. Parks (VSB No. 45735)
Meghan M. Casey (VSB No.86771)
Counsel for Plaintiff
Parks Zeigler, PLLC
4768 Euclid Road, Ste. 103
Virginia Beach, Virginia 23462-3810
757.453.7744 Telephone
757.453.7578 Facsimile
dlittel@pzlaw.com
kparks@pzlaw.com
mcasey@pzlaw.com
khayes@pzlaw.com

/s/
Conrad M. Shumadine
(VSB No. 4325)
Counsel for Peninsula Airport Commission
Newport News/Williamsburg International Airport,
Sharon P. Scott, E. Renee Ford, Lisa M. Ortiz, and
Wilmer K. Thomas, Jr.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
757.628.5500 Telephone
757.628.5566 Facsimile
cshumadine@wilsav.com